```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY BIVINS,                        :
                                    :CIVIL ACTION NO. 3:04-CV-1906
         Petitioner,                :
                                    :
         v.                         :(JUDGE CONABOY)
                                    :
EDWARD KLEM, et al.,                :
                                    :
         Respondents.               :
                                    :
```
_____

## MEMORANDUM AND ORDER

Here we consider Petitioner Gary Bivins' habeas corpus petition filed pursuant to 28 U.S.C. §2254.  (Doc. 1.)  Petitioner challenges the Pennsylvania Board of Probation and Parole's ("Board") denial of his parole application based on the assertion that the Board violated the *Ex Post Facto* Clause of the United States Constitution by applying the 1996 amendment to Pennsylvania's parole laws to his application.  (Id. ¶¶ 29-34.) For the reasons discussed below, we conclude that the Board did not violate the *Ex Post Facto Clause* and, therefore, we deny the instant Petition.

## I. Background

The following facts are uncontested.[1]  Petitioner is currently confined at the State Correctional Institution Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania.  His confinement is the

---

[1] The facts are derived from Petitioner's Petitioner, (Doc. 1), and Respondents' Answer, (Doc. 7).

1

result of a six to twenty year prison term imposed following conviction of attempted rape, involuntary deviate sexual intercourse, terroristic threats, simple assault and indecent exposure.  The effective date of the sentence was December 24, 1992, the minimum release date was December 24, 1998, and the maximum release date is December 24, 2012.

Petitioner has applied for and been denied parole four times, most recently in December 2003.  In its decision dated December 5, 2003, the Board stated:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended 61 P.S. § 331.1 et. seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled.  Therefore, you are refused parole/reparole at this time.  The reasons for the Board's decision include the following:
>
> Your version of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> The recommendation made by the Department of Corrections.
>
> Your unacceptable compliance with prescribed institutional programs.
>
> Your interview with the hearing examiner and/or board member.
>
> You will be reviewed in or after November, 2005.

>At your next interview, the Board will review your file and consider:
>
>Whether you have participated in a treatment program for: sex offenders.
>
>Whether you have maintained a clear conduct record and completed the Department of Corrections prescriptive program(s).
>
>Status report on detainer.
>
>Your efforts to secure an approved home plan will be submitted to the Board at the time of review.

(Doc. 7 Ex. 2.)

Following the Board's denial, Petitioner requested reconsideration of the decision which the Board denied on February 10, 2004.  Seeking review of the Board's denial, Petitioner filed a Petition for Writ of Mandamus in the Commonwealth Court of Pennsylvania on April 5, 2004.  The Commonwealth Court dismissed the Petition on June 3, 2004.  Petitioner did not seek review of the Commonwealth Court's decision in the Supreme Court of Pennsylvania.

Petitioner filed this action on August 26, 2004, asserting that the Board violated the *Ex Post Facto* Clause by applying the 1996 amendment of the Pennsylvania parole laws to his parole applications.  (Doc. 1.)  Respondents have answered the Petition, claiming that Petitioner has failed to exhaust state court remedies and, substantively, no *Ex Post Facto* violation has occurred.  (Doc. 7.)  Petitioner has filed a reply.  (Doc. 10.)  Therefore, this matter is ripe for disposition.

3

## **II. Discussion**

At the outset, we note the only Board action under consideration here is the parole denial of December 2003.  We do not consider the Board's earlier parole denials because, pursuant to Mickens-Thomas, the remedy available upon a finding of an *Ex Post Facto* violation would be a remand to the Parole Board directing it to hold a new hearing.  Mickens-Thomas v. Vaughn, 321 F.3d 374, 393 (3d Cir.), cert. denied sub. nom. Gillis v. Hollowell, 540 U.S. 875 (2003).  Therefore, the earlier hearings are rendered moot - Petitioner has already received subsequent hearings on the earlier parole denials.  See, e.g., Tucker v. Patrick, 3:03-CV-1232, slip op. at 10 (M.D. Pa. Dec. 7, 2004) (citing Shaeffer v. Pennsylvania Bd. of Probation and Parole, Civil Action No. 3:CV-04-1159, slip op. at 5 (M.D. Pa. Oct. 26, 2004)).

### *A. Exhaustion of State Court Remedies*

Respondents argue that Petitioner's action should be dismissed because he has failed to exhaust state court remedies.  (Doc. 7 at 4-6.)

A petitioner satisfies the exhaustion requirement if he has "fairly presented" the claims raised in his federal habeas petition to each level of the state courts.  O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999).  A claim is "fairly presented" if the petitioner has presented the federal claim's "factual and legal substance to the state courts in a manner that puts them on notice

that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

A mandamus petition filed in Commonwealth Court is the proper avenue to challenge a denial of parole based on the Board's application of new statutory criteria. Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001). A final order of the Commonwealth Court may be appealed to the Supreme Court of Pennsylvania. See 42 Pa. C.S. § 723(a); Cizmasziewski v. Board of Probation and Parole, 868 A.2d 416 (Pa. 2005).

Respondents' exhaustion argument is based on Petitioner's failure to appeal the Commonwealth Court's dismissal of his Mandamus Petition to the Pennsylvania Supreme Court. (Doc. 7 ¶¶ 12-13.) Petitioner replies that appeal to the Supreme Court is not required to satisfy the exhaustion requirement pursuant to Supreme Court Order No. 218, In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases. (Doc. 10 ¶¶ 6, 13.)

We conclude that the order upon which Petitioner relies does not apply to the Commonwealth Court's denial of his mandamus petition. Order No. 218, issued on May 9, 2000, states in part

> "[I]n all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When relief has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall

5

>     be deemed to have exhausted all available state
>     remedies for purposes of federal habeas relief."

Wenger v. Frank, 266 F.3d 218, 224-25 (3d Cir. 2001) (quoting Supreme Court Order No. 218).  By its terms, Order No. 218 does not apply to Commonwealth Court decisions.  Further, Courts which have considered the issue have concluded that exhaustion of state remedies requires appeal to the Pennsylvania Supreme Court when the Commonwealth Court has handed down an adverse decision on a mandamus petition regarding parole.  See, e.g., Flecha v. Kim, No. Civ. A. 04-4164, 2005 WL 580385, at *2 n.1 (E.D. Pa. Mar. 14, 2005); Jones v. Zwierzyna, No. Civ. A. 03-4986, 2004 WL 1091007, at *3 n.3 (E.D. Pa. May 14, 2004).  Based on this authority, we conclude that Order No. 218 does not relieve Petitioner of the obligation to appeal the Commonwealth Court's adverse decision to the Pennsylvania Supreme Court.

We will not further discuss exhaustion in the context of procedural default or futility both because the parties have not raised these matters and discussion of them is unnecessary insofar as we conclude that denial of the instant petition is warranted on the merits.[2]  See 28 U.S.C. § 2254(b)(2); (Doc. 7 ¶ 14).

---

[2] First, we note that Respondents mention futility only in their statement "Petitioner does not argue that exhaustion of available state court remedies would be futile in this case." (Doc. 7 ¶ 7.)  Petitioner replies to this statement with the assertion that futility does not apply because, as discussed in the text, he has properly exhausted his claim.  (Doc. 10 ¶ 7.)

Second, it is appropriate here to clarify our holding in Adams v. Kelchner, No. 3:04-CV-799, 2004 WL 2634357 (M.D. Pa. Nov. 12,

6

**B.   *Ex Post Facto* Claim**

We conclude that Petitioner's *Ex Post Facto* claim is without merit because he has not presented evidence which would support a finding that application of the 1996 amendment, as applied to him, violated the *Ex Post Facto* Clause.  We will not engage in a lengthy discussion of Petitioner's substantive claim as similar claims have been considered extensively by United States District Courts in Pennsylvania.  See, e.g., Tucker v. Patrick, 3:CV-04-1232, slip op. at 10, 11 (M.D. Pa. Dec. 7, 2004) (listing cases).  Further, as noted in the margin, the Pennsylvania Supreme Court has recently reversed its position on this issue and established criteria as to when an *Ex Post Facto* violation may be found.  See *supra* p. 6 n.2.

---

2004), where we decided that exhaustion of state court remedies was futile.  In Adams, we held exhaustion was futile regarding the petitioner's Mickens-Thomas *Ex Post Facto* claim because, in Finnegan v. Pa. Bd. of Probation and Parole, 838 A.2d 684, (Pa. 2003), Pennsylvania's Supreme Court had "ruled unfavorably on materially the same claim under consideration and there is no plausible reason to believe that the court will reverse its decision."  Id. at *4 (citation omitted).  However, since we decided Adams, the Pennsylvania Supreme Court has in fact reversed its position that the 1996 amendment to Pennsylvania's parole laws did not give rise to an *Ex Post Facto issue*.  Cizmasziewski v. Board of Probation and Parole, 868 A.2d 416 (Pa. 2005).  In Cizmasziewski, the court held that "the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration."  Cizmasziewski, 868 A.2d at 427.  With this holding, the court overruled Finnegan to the extent it held otherwise.  Id.  With the Pennsylvania Supreme Court's decision in Cizmasziewski, our futility conclusion in Adams is no longer applicable in that Pennsylvania courts will now consider the merits of a petitioner's *Ex Post Facto* claim based on the 1996 amendment to Pennsylvania's parole laws.

The *Ex Post Facto* claim frequently raised since the Third Circuit Court of Appeals' decision in <u>Mickens-Thomas</u> is based on the court's holding that the 1996 amendment to the parole laws in Pennsylvania were an *Ex Post Facto* Clause violation when applied to those sentenced prior to the adoption of the amendment because the amendment placed an additional emphasis on public safety and, in some cases, worked to deny parole to those who would have been eligible prior to the amendment.

To clarify the issue and put it in the context of recent developments in applicable law, we will briefly review our previous decisions addressing <u>Mickens-Thomas</u> *Ex Post Facto* claims and the recent change in Pennsylvania law. In a 2004 decision in which we addressed a petitioner's *Ex Post Facto* claim, we determined that the rationale upon which the <u>Mickens-Thomas</u> holding is based and similarities between <u>Mickens-Thomas</u> and the case under consideration warranted application of the holding. <u>Adams v. Kelchner</u>, No. 3:04-CV-799, 2004 WL 2634357 (M.D. Pa. Nov. 12, 2004). Given the specific circumstances of the case, we found <u>Mickens-Thomas</u> applicable although the petitioner's latest parole review had occurred after the Pennsylvania Supreme Court decided <u>Winklespecht v. Pennsylvania Board of Probation and Parole</u>, 813 A.2d 688 (Pa. 2002), the case in which it held that the 1996 parole

amendment did not put an increased emphasis on public safety.[3]  Id. In a subsequent Order disposing of the respondent's Motion for Reconsideration, we stressed that our earlier opinion was grounded in the factual similarities between Adams' and Mickens-Thomas's parole denials.  Adams v. Kelchner, No. 3:04-CV-799, slip op at 2 n.1 (M.D. Pa. Feb. 4, 2005).  Specific similarities included: (1) reasons for denial of parole; (2) compliance with previous Parole Board recommendations; and (3) the Parole Board decision's failure to address factors weighing in favor of release.  Id. (citing Mickens-Thomas, 321 F.3d at 381-82, 387).

The Adams dicta was indicative of our conclusion that any decision on the applicability of Mickens-Thomas to a case where a petitioner had received a post-Winklespecht parole review had to be made on a case by case basis.  Only in those cases where "there is at least some evidence supporting a rational inference that the Board is taking action contrary to the result that would have been obtained prior to 1996," would a Mickens-Thomas based *Ex Post Facto* claim be considered viable.  Id. (quoting Tucker v. Patrick, 3:03-CV-1232, slip op. at 10 (M.D. Pa. Dec. 7, 2004).  As noted above, the necessary inference was raised in Adams because of the factual similarities with Mickens-Thomas.

---

[3]  Subsequently, in Finnegan v. Pa. Bd. of Probation and Parole, 838 A.2d 684, (Pa. 2003), the Pennsylvania Supreme Court considered its Winklespecht decision in light of Mickens-Thomas and upheld Winkelspecht.

In <u>Weeks v. Pennsylvania Board of Probation and Parole</u>, No. 3:04-CV-0867, slip op. (M.D. Pa. Feb. 24, 2005), we concluded that the Board's denial of parole did not raise a <u>Mickens-Thomas</u> issue because there was no indication that greater emphasis was placed on public safety concerns than on other criteria. <u>Id.</u> at 6. <u>Weeks</u> factors which we found significant were the petitioner's lack of remorse for the offenses committed and the need to participate in and complete additional programs. <u>Id.</u>

On the same date we issued the Memorandum and Order in <u>Weeks</u> - February 24, 2005 - the Pennsylvania Supreme Court decided <u>Cizmasziewski v. Board of Probation and Parole</u>, 868 A.2d 416 (Pa. 2005). As noted previously, *supra* p. 6 n.2, the court overruled <u>Finnegan</u> to the extent it did not recognize that, pursuant to the reasoning of United States Supreme Court cases addressing the *Ex Post Facto* issue, "the 1996 amendment may be shown to violate the ex post facto clause if an inmate is able to demonstrate that the 1996 amendment, as applied to him, creates a significant risk of prolonging his incarceration." <u>Cizmasziewski</u>, 868 A.2d at 427 (citing <u>Garner v. Jones</u>, 529 U.S. 244, 251, 256 (2000); <u>California Dep't of Corrections v. Morales</u>, 514 U.S. 499, 509 (1995)). The Pennsylvania Supreme Court added the following explanation of when an *Ex Post Facto* violation may be found:

> Speculative and attenuated possibilities of increasing punishment, however, do not suffice. Instead, this fact-intensive inquiry must be conducted on an individual basis. As the Supreme

10

> Court has indicated: "[w]hen the rule does not by its own terms show a significant risk, the [challenger] must demonstrate, by evidence drawn from the rule's practical implementation . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule."

Cizmasziewski, 868 A.2d at 427 (quoting Garner, 529 U.S. at 255).

Applying its holding to the facts of the case, Cizmasziewski determined the claimant did not satisfy his burden and noted that the Board did not rely on the 1996 amendment in denying parole but "was waiting for the [claimant] to complete a substance abuse program" among other things. Id. at 428.

Most recently, in Hudson v. Martinez, No. 3:05-CV-0104, slip op. at 9 (M.D. Pa. May 25, 2005), we concluded the facts of the case presented a situation similar to Weeks and Cizmasziewski where no *Ex Post Facto* violations were found. Looking at the submissions made by the Board, we determined the Board had provided extensive reasons other than the safety of the public in rejecting the petitioner's parole. Id. Specifically, the Board cited the petitioner's refusal to accept responsibility for his offense, the recommendation of the Department of Corrections and the need for Petitioner to participate in additional institutional programs in denying Petitioner parole. Id. at 9-10. In Hudson, the Board decision in question also informed the petitioner that the Board would consider whether he had successfully completed a treatment program for sex offenders, whether he received a favorable

11

recommendation for parole and whether he maintained a clear conduct record when he was next reviewed for parole eligibility.  Id. at 10.  Based on these facts, we held the Board's stated reasons and recommendations indicated no *Ex Post Facto* violation inference was raised and it was, therefore, unnecessary to remand the case for reconsideration of the petitioner's parole application.  (Id.)

Turning now to Petitioner's claim, we conclude that it is a case like Weeks, Cizmasziewski and Hudson where we found no *Ex Post Facto* violation.  Here the Board stated the following reasons for denying Petitioner's parole application: "[y]our version of the nature and circumstances of the offense(s) committed[;] [y]our refusal to accept responsibility for the offense(s) committed[;] [t]he recommendation made by the Department of Corrections[;] [y]our unacceptable compliance with prescribed institutional programs[; and] [y]our interview with the hearing examiner and/or board member."  (Doc. 7 Ex. 2.)  The Board also informed Petitioner that what it would consider at his next parole review to be held in or after November 2005: "[w]hether you have participated in a treatment program for: sex offenders[;] [w]hether you have maintained a clear conduct record and completed the Department of Corrections prescriptive program(s)[;] [s]tatus report on detainer[; and] your efforts to secure an approved home plan." (Id.)

In support of his assertion that an *Ex Post Facto* violation

12

has occurred in his case, Petitioner cites generally the statistical data offered in Mickens-Thomas and his alleged "compliance with all the prerequisites for parole under the pre 1996 laws." (Doc. 10 ¶ 20.)

Cizmasziewski holds, and our previous decisions support, that "it is insufficient to discuss the statistics from Mickens-Thomas, for the basis of the contention that one would have been released but for the 1996 amendment." Cizmasziewski, 868 A.2d at 428. Similarly, Petitioner's general contention that his compliance with all the prerequisites for parole under the pre 1996 law is not sufficient to support an *Ex Post Facto* claim. Moreover, this contention is contradicted by the Board's stated reasons for denial of parole. Based on applicable legal authority as applied to the facts of this case, Petitioner has not shown an *Ex Post Facto* violation. Therefore, we dismiss his habeas corpus petition.

### III. Conclusion

For the reasons discussed above, we conclude that Petitioner's habeas corpus action is without merit and we dismiss his Petition. An appropriate Order follows.

                                             _____
                                             RICHARD P. CONABOY
                                             United States District Judge

DATED: _____

13

```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY BIVINS,                        :
                                    :CIVIL ACTION NO. 3:04-CV-1906
          Petitioner,               :
                                    :
          v.                        :(JUDGE CONABOY)
                                    :
EDWARD KLEM, et al.,                :
                                    :
          Respondents.              :
                                    :
```
___

**ORDER**

**AND NOW, THIS 27th DAY OF MAY 2005, FOR THE REASONS STATED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for Habeas Corpus, (Doc. 1), is DISMISSED;

2. The Clerk of Court is directed to close this case.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge